The majority erred in finding that defendants have met their burden in proving that plaintiff was rightfully terminated for chronic absenteeism that amounted to a constructive refusal to accept suitable employment pursuant to Seagraves v. Austin Co. of Greensboro, 123 N.C. App. 228,472 S.E.2d 587 (1996). The two-part Seagraves test provides that defendants must show that plaintiff was terminated from his employment (1) for misconduct or fault unrelated to the compensable injury, and (2) for which a nondisabled employee would ordinarily have been terminated.
The evidence of record shows that defendant-empoloyer's attendance policy allowed plaintiff to accumulate a total of four "occurrences" for absences beyond, or not covered by permitted absences (i.e. sick leave, vacation leave, or family leave). In the present case, the majority found that plaintiff had exhausted all of his available vacation and sick days; however the evidence of record shows that defendant-employer required plaintiff to use a vacation day for what should have been an excused family leave absence pursuant to defendant-employer's own "time off from work" policy. That policy states that:
 Up to five (5) excused absences each calendar year are allowed for the care of a member of the employee's family in the event of illness or to participate in school activities of the employee's children. This time off is excused, without pay and does not constitute an occurrence under the Attendance Policy.
Such absences are noted by defendant-employer as Family Leave, or "FL" on an employee's attendance records.
Plaintiff testified that on October 25, 2001, he missed work because his minor child was ill and needed to be taken to the doctor. Plaintiff notified his supervisor, Robbie Lee, by fax of his need to be out of work and requested that his absence be counted as personal, or family, leave without pay. The undersigned finds this absence satisfies the above requirements for family leave, pursuant to defendant-employer's own policy. When plaintiff later attempted to turn in his time card to Mr. Lee with the notation of family leave on October 25, 2001, Mr. Lee refused to accept or sign the time card unless plaintiff changed the excused family leave absence to vacation day. This vacation day was the last day of vacation leave that plaintiff had available to him. Defendants provided no evidence as to why plaintiff was not permitted to rightfully consider October 25, 2001, as an excused family leave absence. A review of plaintiff's 2001 employee attendance record shows that plaintiff used only four hours of family leave that year (on November 13, 2001), when defendant-employer's policy permitted up to five days of such leave.
Thus, the evidence of record clearly shows that plaintiff should have had one more day of vacation leave available to him at the time he was terminated, which would have resulted in one less occurrence for which he was terminated. The record does not reference the exact date on which Mr. Lee refused to accept plaintiff's time card and demanded that he change the permitted family leave absence on October 25, 2001, to a vacation day; however, it is of important note that such occurrence occurred contemporaneously with the October 24, 2001, filing of Deputy Commissioner Ledford's Opinion and Award, which found plaintiff's claim to be compensable. The undersigned finds this fact to be sufficient evidence of defendants' constructive efforts to create a situation in which plaintiff could be terminated for reasons seemingly unrelated to his workers' compensation claim.
The majority erred in finding that defendants have met their burden in proving that plaintiff was rightfully terminated for chronic absenteeism, when the evidence of record shows that plaintiff had one remaining day of vacation leave rightfully due him at the time he was terminated. Thus, defendants did not satisfy their burden under Seagraves to prove that a nondisabled employee would ordinarily have been terminated under the same facts. For these reasons, I respectfully dissent from the majority's Opinion and Award in this matter.
This 16th day of February 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER